Kim Fawn, Plaintiff-Appellee, v. Heritage Mutual Insurance Company, Defendant-Appellant.
No. 96APE12-1678

COURT OF APPEALS OF OHIO, TENTH APPELLATE DISTRICT, FRANKLIN COUNTY

1997 Ohio App. LEXIS 2882

June 30, 1997, Rendered

PRIOR HISTORY: [*1] APPEAL from the Franklin County Court of Common Pleas.

DISPOSITION: Judgment reversed in part affirmed in part and remanded.

CASE SUMMARY:

PROCEDURAL POSTURE: After settling with the tortfeasor plaintiff claimant, who was injured in an automobile accident, sought underinsurance coverage from the tortfeasor's insurer. The insurer filed a motion for stay pending arbitration. The Franklin County Court of Common Pleas (Ohio) denied the motion. The insurer appealed.

OVERVIEW: The claimant contended that their dispute arose when the insurer allegedly reneged on a settlement agreement between them. The insurer claimed that arbitration should have been compelled because an arbitration provision of an insurance policy between its named insured and the insurer could have been enforced against a third party who sought benefits under the policy. On appeal, the court held that the trial court erred when it did not stay trial proceedings on the claim for benefits under the insurance policy. However, the court held that the trial court but properly denied the insurer's motion for stay with respect to claims regarding the settlement agreement itself. By accepting the benefits of the policy, the claimant accepted the burdens because as a third-party beneficiary the claimant acquired no greater rights than that provided in the contract. Those claims that dealt with the settlement agreement were outside the scope of the arbitration provision because they were based on a separate contract.

OUTCOME: The judgment of the trial court that denied the motion to stay the proceedings and compel arbitration was affirmed in part and reversed in part, and the cause was remanded for further proceedings.

CORE TERMS: arbitration, arbitration provision, settlement agreement, insurance policy, mandatory, arbitrate, underinsurance, assignment of error, insured person, permissive, lawsuit, referable, demanded, pending arbitration, affirmed in part, defendant-appellant, tortfeasor, entirety, insurer, select

LexisNexis (TM) HEADNOTES - Core Concepts:

COUNSEL: Plymale & Associates, and Andrew W. Cecil, for appellee.

Vorys, Sater, Seymour & Pease, and Michael W. Donaldson, for appellant.

JUDGES: CLOSE, J. BOWMAN and DESHLER, JJ., concur.

OPINIONBY: CLOSE

OPINION: (REGULAR CALENDAR)

OPINION

CLOSE, J.

This is an appeal from a judgment of the Franklin County Court of Common Pleas overruling a motion for stay pending arbitration. The trial court denied the motion upon determining that the arbitration provision was permissive and not mandatory. At issue is whether an arbitration provision of an insurance policy between a named insured and insurer can be enforced against a third-party who seeks underinsurance benefits under the policy.

On February 8, 1995, Kim Fawn, plaintiff-appellee, was injured in an automobile accident while operating a motor vehicle owned by Robert Beach. After settling with the tortfeasor in December 1995, appellee sought underinsurance coverage from Beach's insurer, Heritage Mutual Insurance Company, defendant-appellant.

Appellee filed suit against appellant on July 22, 1996, and asserted[*2] a claim for underinsurance benefits.

EXHIBIT
2

According to appellee, the parties reached a settlement agreement on August 27, 1996, wherein they agreed to the sum of $235,000 in underinsurance compensation. Appellant allegedly reneged, however, when it subsequently required a $100,000 setoff for the amount appellee had received from the tortfeasor. As a result, appellee amended her complaint on September 9, 1996, and added claims for breach of contract, bad faith and/or failure to negotiate in good faith, and negligent and/or intentional infliction of emotional distress for failing to pay the agreed upon sum.

Thereafter, appellant sought to enforce the arbitration provision of the insurance policy and filed a motion for stay pending arbitration. The trial court denied the motion and this appeal ensued. Appellant raises the following single assignment of error:

"The trial Court erred by denying defendant-appellant's Motion for a Stay Pending Arbitration."

Pursuant to R.C. 2711.02, the trial court must, on application of one of the parties, stay a trial if the court is "satisfied that the issue involved in the action is referable to arbitration under an agreement in writing[*3] for arbitration" and "the applicant for the stay is not in default in proceeding with arbitration."

Appellant argues that the arbitration provision of the insurance policy is mandatory and that, consequently, appellee's lawsuit must be stayed and the matter referred to arbitration. Appellee, on the other hand, contends that the issues are not referable to arbitration because the arbitration provision is permissive and that she had already exercised her right to file suit on her claim under the policy. Additionally, appellee argues that her amended claims are outside the scope of the arbitration provision and, thus, not subject to arbitration anyway.

The applicable part of the policy, in question, reads as follows:

"ARBITRATION - SECTION III

"If an insured person and we do not agree (1) that the person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle, or (2) as to the amount of payment under this Section, either that person or we may make a demand for arbitration.

"In that event, the insured person will select an arbitrator and [*4] we will select another. *** "

Both parties focus on different aspects of the arbitration provision. Appellant's argument is based on a reading of the arbitration provision in its entirety. Appellee, on the other hand, focuses on the word "may" in the first paragraph and argues that "may" does not mean "shall," particularly when litigation was instituted prior to appellant's demand for arbitration.

In *Fickenworth v. The Farmers Ins. Group* (Mar. 31, 1988), 1988 Ohio App. LEXIS 1201, Franklin App. No. 87AP-1030, unreported *(1988 Opinions 1174)*, this court construed language identical to the first paragraph of the arbitration provision above. Based on that language, this court held that arbitration was permissive and that dismissal of the lawsuit was erroneous because the lawsuit was filed before arbitration was demanded.

Fickenworth is distinguishable, however. In Fickenworth, this court only construed language similar to the first paragraph of the arbitration pro-vision at issue here. When read in its entirety, the arbitration provision here makes arbitration mandatory when either party elects to proceed with arbitration and makes a demand therefor. A plain reading of the arbitration[*5] provision states that the parties are not obligated to arbitrate if neither party wants to arbitrate. If either party demands arbitration, however, then arbitration becomes mandatory under the terms of this policy. Construing the entire provision in this manner gives effect to all of the terms as required in *Farmers Natl. Bank v. Delaware Ins. Co.* (1911), 83 Ohio St. 309, 94 N.E. 834, paragraph six of the syllabus; see, also, *Gibbons-Grable v. Gilbane Building Co.* (1986), 34 Ohio App. 3d 170, 175, 517 N.E.2d 559.

Appellant did not waive its right to demand arbitration because it demanded arbitration and moved to stay proceedings before answering the complaint. Consequently, arbitration became mandatory under the policy when appellant made its demand.

While appellee was not a party to the insurance policy, appellee was an insured person who was free to accept the benefits under the policy and who, in so doing, was required to comply with the terms of the policy. *Community Mut. Ins. Co. v. Johnson* (Sept. 22, 1992), 1992 Ohio App. LEXIS 4821, Montgomery App. No. 13205, unreported; *Ohio Match Co. v. Elm Grove Min. Co.* (1927), 5 Ohio L. Abs. 151, 152. This, in essence, complies with the general rule that a person cannot[*6] be compelled to arbitrate any dispute which he or she did not agree to submit to arbitration. *Divine Constr. Co. v. Ohio-American Water Co.* (1991), 75 Ohio App. 3d 311, 316, 599 N.E.2d 388. By accepting the benefits, appellee accepted the burdens. In any event, thirdparty beneficiaries, such as appellee, acquire no greater rights than that provided in the contract. See *Ohio Savings*

Bank v. H.L. Vokes Co. (1989), 54 Ohio App. 3d 68, 71, 560 N.E.2d 1328, citing Union Savings & Loan Co. v. Cook (1933), 127 Ohio St. 26, 186 N.E. 728, paragraph one of the syllabus. Consequently, appellee may properly be required to arbitrate her claim for benefits under the policy.

Whether or not all of appellee's claims are subject to the arbitration requirement depends upon the scope of the arbitration provision. Determination of the scope of the arbitration provision and, thus, whether all of appellee's claims are arbitrable, is a question for the court to determine upon examination of the contract. Divine Constr. Co., at 316; Gibbons-Grable Co., at 172.

This court has previously held that arbitration clauses, which refer issues of liability and damages to arbitration, are considered limited arbitration clauses and not general[*7] arbitration clauses. Cox v. Nationwide Mut. Ins. Co. (1991), 76 Ohio App. 3d 398, 404, 601 N.E.2d 665. Of appellee's remaining counts, those dealing with the settlement agreement are outside the scope of the arbitration provision because they are based on a separate contract. If the parties had, in fact, reached a settlement agreement, then neither party was free to thereafter pursue arbitration of the matter. To the extent the remaining claims are not based on the alleged settlement agreement, the claims fall within the scope of the arbitration provision as being in the nature of a claim for underinsurance benefits.

Appellant's assignment of error is sustained in part and overruled in part. The trial court erred in not staying trial proceedings on appellee's claim for benefits under the insurance policy and any of appellee's related claims. The trial court properly denied appellant's motion for stay with respect to appellee's claims regarding the settlement agreement itself. In the interest of judicial economy, the trial court may determine to stay the claims related to the alleged settlement agreement, pending the resolution of the arbitration.

Appellant's assignment of error is sustained[*8] in part and overruled in part. The judgment of the trial court is likewise affirmed in part and reversed in part, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed in part;

affirmed in part; remanded.

BOWMAN and DESHLER, JJ., concur.