Jennifer L. Kirkpatrick (0066509)
Attorney for Defendant, Hartford Casualty Insurance Co.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA SCULLY, individually, and as the guardian of ALEXANDRA SCULLY, a minor, | : : : | Case No. C-1-01-417 |
| | : | Judge Weber |
| Plaintiff, | : : | |
| vs. | : : | **MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, HARTFORD** |
| HARTFORD CASUALTY INSURANCE COMPANY, et al., | : : : | **CASUALTY INSURANCE COMPANY** |
| Defendants. | : : | |

Defendant, Hartford Casualty Insurance Company ("Hartford"), by and through counsel hereby moves this Court for Summary Judgment in its favor pursuant to Ohio Civil Rule 56(B), as there is no genuine issue as to any material fact and Hartford is entitled to judgment as a matter of law. Plaintiff, Jessica Scully ("Scully"), has brought this claim pursuant to the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660, 1989 Ohio 292, 710 N.E.2d 1116, and seeks underinsured motorist coverage. However, the tortfeasor was not underinsured based upon the clear definition of an underinsured vehicle contained in the Hartford insurance contract as well as the definition provided in R.C.3937.18. As a result, Plaintiff is not entitled to any coverage from Hartford. This Motion is supported by the attached Memorandum and exhibits.

Respectfully submitted,

Jennifer L. Kirkpatrick (0066509)
FREUND, FREEZE & ARNOLD
Fourth & Walnut Street
105 East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
(513) 665-3500
(513) 665-3503 FAX
*Attorney for Defendant, Hartford Casualty Ins. Co.*

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

**MEMORANDUM**

I. **Statement of Facts**

On July 1, 1998 Hartford issued a renewal policy of insurance providing commercial automobile coverage to the University of Cincinnati, bearing Policy Number 33 UEN FP5846, effective July 1, 1998 through July 1, 1999. See Common Policy Declarations, attached as Exhibit A. The Hartford insurance contract issued to the University of Cincinnati provided $1,000,000 in liability coverage and $1,000,000 in UM/UIM coverage. Id.

Plaintiffs filed two separate lawsuits as a result of the injuries sustained by Jessica Scully in the August 4, 1998 wheelchair-lift accident. See Complaint, Case Nos. 99-CV-594 and Complaint, Case No. C-01417. The Plaintiffs filed the first lawsuit against the alleged tortfeasor, Executive Transportation Service, Inc. claiming the negligence of the driver of the van Jessica was occupying. See Complaint, Case No. 99-CV-594.

The case against Executive Transportation Service, Inc. was settled and dismissed after Executive Transportation Service, Inc. paid $1,950,000 to Jessica and Alexandra Scully in full and final settlement of all claims against them arising out of the August 4, 1998 wheelchair-lift accident. See Plaintiffs' Response to Defendant, Hartford Casualty Insurance Company's Request for Admissions, at ¶4, attached as Exhibit B. Executive Transportation Service, Inc. was insured by a policy of insurance issued by Crum & Forester providing liability coverage in the amount of $2,000,000. Id. at ¶3.

Despite recovering $1,950,000 from the tortfeasor, Executive Transportation Service, Inc., the Plaintiffs continue to pursue an underinsured motorist claim against Hartford for its $1,000,000 of UIM coverage and United Educators Ins. Co. for its $10,000,000 of UIM coverage under the

authority of Scott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 58 Ohio St.3d 660, 1999 Ohio 292, 710 N.E.2d 1116. The Plaintiffs claim that Jessica Scully is entitled to coverage under the Hartford and United Educators insurance contracts by virtue of her status as an employee of the University of Cincinnati at the time of the August 4, 1998 wheelchair-lift accident. Hartford denies that Plaintiff is entitled to any coverage under the insurance contract issued to the University of Cincinnati as Plaintiff does not qualify as an insured as she was not occupying an automobile covered by the contract.

Although Hartford disputes that Scott-Pontzer applies to its contract, Hartford is not a proper party to this action for a much simpler reason - Executive Transportation Service was not underinsured because it had $2,000,000 in liability coverage.[1]

## II.   Law & Arguments

The Hartford insurance contract issued to the University of Cincinnati provides UM/UIM coverage in the amount of $1,000,000 per accident. See Business Auto Coverage Form, page 2, attached as Exhibit C.

The Ohio Uninsured Motorists Coverage - Bodily Injury endorsement which sets forth the UM/UIM coverage available under the Hartford insurance contract issued to the University of Cincinnati provides the following:

---

[1] Hartford further states Plaintiff is not entitled to UM/UIM coverage because she was not occupying a specifically identified automobile to which UM/UIM coverage extends and would raise the argument that coverage under the Hartford insurance contract is excess only, as the van Plaintiff was occupying was not owned by the University of Cincinnati or Plaintiff; however, Hartford feels strongly that the single issue addressed in this brief is dispositive of this case and it is therefore unnecessary to reach those defenses in this brief. In the interest of judicial economy, Hartford will focus solely on the dispositive issue at hand and will proceed to raise additional Defendants only if the Court denies this motion. If this Court disagrees with the strict application of R.C. 3937.18, Hartford reserves the right to file a motion for summary judgment regarding the fact that Plaintiff does not qualify as an insured.

3

A.   **Coverage**

We will pay all of the sums that the "Insured" is legally entitled to recover as compensatory damages from the owner of operator of:

a.   An "uninsured motor vehicle" as defined in Paragraphs **F.3. a.,b.**

\*\*\*

F.   3.   "Uninsured motor vehicle" means a land motor vehicle or trailer;

\*\*\*

b.   Which is an underinsured motor vehicle. And "uninsured motor vehicle" means a land motor vehicle or trailer for which the sum of all liability bonds or policies applicable at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged **but their limits are less than the Limit of Insurance of this coverage.**

See Ohio Uninsured Motorist Coverage-Bodily Injury Endorsement, attached as Exhibit D. (Emphasis added.)

As stated previously, the Hartford insurance contract issued to the University of Cincinnati, under which the Plaintiffs are trying to obtain underinsured motorist coverage, provides UM/UIM coverage for specifically identified automobiles up to a limit of $1,000,000. Even if UM coverage arose by operation of law under the Ohio Supreme Court's decision in Scott-Pontzer, which Hartford denies is appropriate in this case for a multitude of reasons, the total limit of liability under the Hartford insurance contract is $1,000,000. The tortfeasor, Executive Transportation Service, Inc., was insured under a policy of insurance that contained a liability limit of $2,000,000. Plaintiffs have already recovered $1,950,000 from the tortfeasor in this case. Based on the clear definition included in the Hartford insurance contract, the Executive Transportation Service, Inc. van involved in the

August 4, 1998 wheelchair-lift accident does not qualify as an underinsured motor vehicle. As a result, Plaintiff is not entitled to any coverage under the Hartford insurance contract.

Furthermore, according to R.C.3937.18, as amended by House Bill 261, effective September 3, 1997 through November 1, 1999, provides the following:

> (2)     * * *
>
> **Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverage, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage** if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury bonds and insurance policies covering persons liable to the insured.

(Emphasis added).

The statute clearly states that UIM coverage is not excess insurance and not UIM coverage claim exists when the tortfeasor's liability limits are greater than the UIM coverage limits. R.C.3937.18(A)(2). The Plaintiff in this case, Jessica Scully, has already received as damages almost twice the amount available under the Hartford insurance contract issued to the University of Cincinnati. As a result, there is no feasible way that the Plaintiffs can be considered in an underinsured motorist situation. Because the tortfeasor, Executive Transportation Service, Inc., is not, by definition, underinsured, Plaintiffs are not entitled to any UIM benefits under the Hartford insurance contract issued to the University of Cincinnati. See Littrell v. Wigglesworth (2001), 91 Ohio St.3d 425, 430-31, 746 N.E.2d 1077.

The application of simple math in this case, combined with the plain language of the Hartford insurance contract and the underinsured provision of R.C.3937.18, demands that summary judgment be granted in favor of Hartford in this case as the Plaintiff is not underinsured.

### III. Conclusion

The amount paid by the tortfeasor in this case exceeds the amount available under the Hartford University of Cincinnati insurance contract, the Plaintiffs are not entitled to underinsured motorist benefits from Hartford. For that reason, Defendant, Hartford Casualty Insurance Company, respectfully requests that this Court issue an Order granting judgment in its favor as there is no issue as to any material fact and Hartford is entitled to judgment as a matter of law.

Respectfully submitted,

_____
Jennifer L. Kirkpatrick (0066509)
FREUND, FREEZE & ARNOLD
Fourth & Walnut Street
105 East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
(513) 665-3500
(513) 665-3503 FAX
*Attorney for Defendant, Hartford Casualty Ins. Co.*

FREUND, FREEZE & ARNOLD
A Legal Professional Association

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served upon the following by regular, U.S. mail this 20th day of October, 2003, upon:

Glenn V. Whitaker
Rodney L. Drinnon
Jeffrey A. Miller
Vorys, Sater, Seymour & Pease LLP
Suite 2100 Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio 45201-0236
**Attorney for Plaintiffs**

R. Jay Hardin
Smith, Haughey, Rice & Roegge
202 E. State Street
P.O. Box 848
Traverse City, MI 49685-0848
**Attorney for Plaintiffs**

Christopher M. Bechhold, Esq.
THOMPSON HINE, LLP
312 Walnut Street
Suite 1400
Cincinnati, Ohio 45202
**Attorney for United Educators
Insurance Risk Retention Group, Inc.**

Gary Winters
McCaslin, Imbus & McCaslin
900 Provident Bank Building
632 Vine Street
Cincinnati, Ohio 45202
**Attorney for TIG Insurance Company**

Jennifer L. Kirkpatrick (0066509)

**FREUND, FREEZE & ARNOLD**
A Legal Professional Association