## EXHIBITS

**EXHIBIT A**     Common Policy Declarations

**EXHIBIT B**     Plaintiffs' Response to Defendant, Hartford Casualty Insurance Company's Request for Admissions

**EXHIBIT C**     Business Auto Coverage Form

**EXHIBIT D**     Ohio Uninsured Motorist Coverage-Bodily Injury Endorsement

This SPECIAL MULTI-FLEX POLICY is provided by the insurance company(s) of Hartford Insurance Group, shown below.

# COMMON POLICY DECLARATIONS

POLICY NUMBER: 33 UEN FP5846
RENEWAL OF:    33 UEN FP5846

Named Insured and Mailing Address:   UNIVERSITY OF CINCINNATI
(No., Street, Town, State, Zip Code)  118 MONT REID PAVILLION
                                      CINCINNATI OH  45267

Policy Period:                From   7-1-98   To   7-1-99

12:01 a.m. Standard time at your mailing address shown above.

In return for the payment of the premium, and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy. The Coverage Parts that are a part of this policy are listed below. The Advance Premium shown may be subject to adjustment.

Total Advance Premium: $124,006

Coverage Part and Insurance Company Summary                    Advance Premium

COMMERCIAL AUTO
HARTFORD CASUALTY INS. CO.                              $       124,006
HARTFORD PLAZA
HARTFORD CT  06115

Form Numbers of Coverage Parts, Forms and Endorsements that are a part of this policy and that are not listed in the Coverage Parts.

HM00010295 IH00170295 IH12001185(1) IL00211194 IL02440689 HA00250295 G3185-0

Agent/Broker Name:   DBA ACORDIA/McELROY-MINISTER 880123

This policy is not binding unless countersigned by our Authorized Representative.

Countersigned by  _____
                  Authorized Representative

Form HM 00 10 02 95
H/LP 7-21-98


EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JESSICA SCULLY, et al.            )
                                  )
         Plaintiffs,              )   Case No. C-1-01-417
                                  )
v.                                )
                                  )
HARTFORD CASUALTY INSURANCE       )   Judge Weber
CO., et al.                       )
                                  )
         Defendants.              )
                                  )

## PLAINTIFFS' RESPONSE TO DEFENDANT, HARTFORD CASUALTY INSURANCE COMPANY'S REQUESTS FOR ADMISSIONS

Plaintiffs hereby respond to Hartford Casualty Insurance Company's Requests for Admissions as Follows:

1. Admit that, on or about August 4, 1998, Jessica Scully was transported to her home located at 5248 Highview Drive, Cincinnati, Ohio in a van owned by Executive Transportation Services, Inc.

RESPONSE:  Admit, except that the van was leased by Executive Transportation Services, Inc. and owned by Auto & Equipment Leasing, Inc.

2. Admit that Executive Transportation Service, Inc. maintained a liability policy of insurance issued by Crum & Forester.

RESPONSE:  Admit.

3. Admit that Executive Transportation Service, Inc.'s policy of insurance with Crum & Forester provided liability coverage in the amount of $2,000,000.00.

RESPONSE:  Admit.


EXHIBIT B

4.  Admit that Executive Transportation Service, Inc. has offered, and paid, $1,950,000.00 to Jessica and Alexandra Scully in full and final settlement of all outstanding claims against the tortfeasor.

RESPONSE:    Admit.

5.  If your answer to No. 4 was anything other than an unqualified admission, please state, with specificity, what was the amount paid by Crum & Forester on behalf of its insured, Executive Transportation Service, Inc.

RESPONSE:    N/A

*[signature]*

Glenn V. Whitaker (0018169)
Vorys, Sater, Seymour and Pease LLP
Suite 2100, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio 45201-0236
(513) 723-4000

Trial Attorney for Plaintiffs,
Jessica and Alexandra Scully

**OF COUNSEL:**

Jeffrey A. Miller (0068815)
Vorys, Sater, Seymour and Pease LLP
Suite 2100, Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio 45201-0236

R. Jay Hardin
Smith, Haughey, Rice & Roegge
202 E. State Street
P.O. Box 848
Traverse City, MI 49685-0848
(616) 929-4878

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on:

> JENNIFER L. KIRKPATRICK
> Freund Freeze & Arnold
> 105 East Fourth St., Suite 1400
> Cincinnati, OH 45202-4006
>
> CHRISTOPHER M. BECHHOLD
> Thompson, Hine LLP
> 312 Walnut St.
> 14th Floor
> Cincinnati, Ohio 45202-4089
>
> RALPH GARY WINTERS
> McCaslin Imbus & McCaslin
> 632 Vine Street Suite 900
> Cincinnati, OH 45202

via regular U.S. mail on this 20th day of November, 2001.

*Glenn V. Whitaker* (signature)
Glenn V. Whitaker

11/19/01 - 369039

# COMMERCIAL AUTOMOBILE COVERAGE PART - DECLARATIONS
# BUSINESS AUTO COVERAGE FORM



POLICY NUMBER: 33 UEN FP5846

This COMMERCIAL AUTOMOBILE COVERAGE PART consists of:

- A. This Declarations Form;
- B. Business Auto Coverage Form; and
- C. Any Endorsements issued to be a part of this Coverage Form and listed below.

ITEM ONE - NAMED INSURED AND ADDRESS

The Named Insured is stated on the Common Policy Declarations.

ADVANCE PREMIUM: $124,006

AUDIT PERIOD: ANNUAL

Except in this Declarations, when we use the word "Declarations" in this Coverage Part, we mean this "Declarations" or the "Common Policy Declarations."

Form Numbers of Coverage Forms, Endorsements and Schedules that are part of this Coverage Part

HA00041290 CA00011293 IH12011185(3) CA99031293 CA21330398 CA24021293 CA99151293 HA00241290
HA20020187 HA99081290 HA99160793 CA99161293 CA99370797 ~~CA20011293(3)~~

Form HA 00 25 02 95
Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services Office, Inc.
Page 1 (Continued o[n])


EXHIBIT C

COMMERCIAL AUTOMOBILE
COVERAGE PART - DECLARATIONS
BUSINESS AUTO COVERAGE FORM (Continued)

POLICY NUMBER: 33 UEN FP5846

ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos." "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Business Auto Coverage Form next to the name of the coverage. This insurance is subject to all of the terms of the policy that apply.

| COVERAGES | COVERED AUTOS | LIMIT<br>THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | ADVANCE PREMIUM |
|---|---|---|---|
| LIABILITY | 01 | $ 1,000,000 each "accident" | $ 123,006 |
| PERSONAL INJURY PROTECTION (or equivalent No-Fault coverage) | | Separately stated in each Personal Injury Protection Endorsement | $ |
| ADDED PERSONAL INJURY PROTECTION (or equivalent added No-Fault coverage) | | Separately stated in each Added Personal Injury Protection Endorsement | $ |
| OPTIONAL BASIC ECONOMIC LOSS (New York only) | | $25,000 each eligible injured person per "accident" | $ |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | Separately stated in the Property Protection Insurance Endorsement | $ |
| AUTO MEDICAL PAYMENTS | 02 | See Schedule HA0012 for Medical Payments for "Bodily Injury" Limits for each "insured"  $10,000 | $ INCL. |
| UNINSURED MOTORISTS | 10 | $ SEE IH1201 each "accident" | $ INCL. |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorist Coverage) | | $ each "accident" | $ |

Form HA 00 25 02 95                          Page 2 (Continued on next page)

COMMERCIAL AUTOMOBILE
COVERAGE PART - DECLARATIONS
BUSINESS AUTO COVERAGE FORM (Continued)

POLICY NUMBER: 33 UEN FP5846

ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS (Continued)

| COVERAGES | COVERED AUTOS | LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | ADVANCE PREMIUM |
|---|---|---|---|
| PHYSICAL DAMAGE | | See ITEM FOUR for hired or borrowed "autos" | $ |
| COMPREHENSIVE COVERAGE | | Actual Cash Value, Cost of Repair. or the Stated Amount shown in ITEM THREE, whichever is smallest, minus any deductible shown in ITEM THREE for each covered "auto". | $ |
| SPECIFIED CAUSES OF LOSS COVERAGE | | Actual Cash Value, Cost of Repair, or the Stated Amount shown in ITEM THREE, whichever is smallest, minus $25 deductible for each covered "auto" for "loss" caused by mischief or vandalism. | $ |
| COLLISION COVERAGE | | Actual Cash Value, Cost of Repair, or the Stated Amount shown in ITEM THREE, whichever is smallest, minus any deductible shown in ITEM THREE for each covered "auto". | $ |
| TOWING AND LABOR (Not available in California) | | Refer to Schedule HA0012 for limit for each disablement of a private passenger "auto". | $ |

*** PHYSICAL DAMAGE COVERAGE IS NOT PROVIDED BY THIS POLICY***

| | | |
|---|---|---|
| **Endorsement Premium** (Not included above) | $ | 1,000 |
| **TOTAL ADVANCE PREMIUM:** | $ | 124,006 |

Form HA 00 25 02 95                                   Page 3 (Continued on next page)



**THE HARTFORD**

POLICY NUMBER: 33 UEN FP5846

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

**COMMERCIAL AUTO**

UNINSURED MOTORIST - SYMBOL 10

AN UNINSURED MOTORIST LIMIT OF $100,000 APPLIES TO ONLY THE PRIVATE PASSENGER VEHICLES CLASSIFIED AS 73980 (BUSINESS USE) PLUS ALL OTHER CLASSES ON THE POLICY AS PER SCHEDULE ON FILE WITH THE COMPANY, WITH THE FOLLOWING EXCEPTION:

*EXCEPTION:*

AN UNINSURED MOTORIST LIMIT OF $1,000,000 APPLIES ONLY TO THE PRIVATE PASSENGER VEHICLES CLASSIFIED AS 73821 (TO AND FROM WORK) AS PER SCHEDULE ON FILE WITH THE COMPANY.

This endorsement does not change the policy except as shown.

Form IH 12 01 11 85    Printed in U.S.A.

POLICY NUMBER:

COMMERCIAL AUTO
CA 21 33 03 98

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# OHIO UNINSURED MOTORISTS COVERAGE - BODILY INJURY

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Ohio, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective | |
|---|---|
| Named Insured | Countersigned by |

(Authorized Representative)

**SCHEDULE**

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or operator of:
   a. An "uninsured motor vehicle" as defined in Paragraphs F.3.a., b. and c. because of "bodily injury":
      (1) Sustained by the "insured"; and
      (2) Caused by an "accident".
   b. An "uninsured motor vehicle" as defined in Paragraph F.3.d. because of "bodily injury" sustained by an "insured".

   The owner's or operator's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. We will pay under this coverage only if a. or b. below applies:
   a. The limits of any applicable liability bonds or policies have been exhausted by judgments or payments; or
   b. A tentative settlement has been made between an "insured" and the insurer of the vehicle described in paragraph b. of the definition of "uninsured motor vehicle" and we:
      (1) Have been given prompt written notice of such settlement; and
      (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

EXHIBIT D

CA 21 33 03 98    Copyright, Insurance Services Office, Inc., 1998    Page 1 of 4

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

B. **Who Is An Insured**
   1. You.
   2. If you are an individual, any "family member".
   3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
   4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

C. **Exclusions**
   This insurance does not apply to:
   1. Any claim settled without our consent. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in paragraph **F.3.b.** of the definition of "uninsured motor vehicle".
   2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.
   3. Any "insured" using a vehicle without a reasonable belief that the person is entitled to do so.
   4. Punitive or exemplary damages.
   5. "Bodily Injury" sustained by:
      a. You while "occupying" or when struck by any vehicle owned by you that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage Form;
      b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Uninsured Motorists Coverage under this Coverage Form; or
      c. Any "family member" while "occupying" or when struck by any vehicle owned by you that is insured for Uninsured Motorists Coverage on a primary basis under any other Coverage Form or policy.

D. **Limit Of Insurance**
   1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the schedule or declarations.
   2. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form.

We will not make a duplicate payment under this Coverage Form for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

3. With respect to coverage provided under paragraph **F.3.b.** of the definition of "uninsured motor vehicle", the limit of insurance shall be reduced by all sums paid for "bodily injury" by or on behalf of anyone who is legally responsible.

E. **Changes In Conditions**
   The conditions of the policy for Ohio Uninsured Motorists Insurance are changed as follows:
   1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance - Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:
      If there is other applicable insurance available under one or more policies or provisions of coverage:
      a. The maximum recovery under all Coverage Forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.
      b. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis.
      c. If the coverage under this Coverage Form is provided:
         (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.
         (2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.
   2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:
      a. Promptly notify the police if a hit-and-run driver is involved, and
      b. Promptly send us copies of the legal papers if a "suit" is brought.

c. A person seeking Uninsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the vehicle described in paragraph **F.3.b.** of the definition of "uninsured motor vehicle" and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such vehicle described in paragraph **F.3.b.** of the definition of "uninsured motor vehicle".

3. **Transfer Of Rights Of Recovery Against Others To Us** is amended by adding the following:

   If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

   Our rights do not apply under this provision with respect to Uninsured Motorists Coverage if we:

   a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of a vehicle described in paragraph **F.3.b.** of the definition of "uninsured motor vehicle"; and

   b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

   If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

   a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

   b. We also have a right to recover the advanced payment.

4. The following Condition is added:

   **ARBITRATION**

   a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

   b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedures and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

F. **Additional Definitions**

   As used in this endorsement:

   1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

   2. "Occupying" means in, upon, getting in, on, out or off.

   3. "Uninsured motor vehicle" means a land motor vehicle or trailer:

      a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;

b. Which is an underinsured motor vehicle. An "underinsured motor vehicle" means a land motor vehicle or trailer for which the sum of all liability bonds or policies applicable at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged but their limits are less than the Limit of Insurance of this coverage.

c. For which an insuring or bonding company denies coverage or is or becomes insolvent; or

d. That is a hit-and-run vehicle and neither the operator nor owner can be identified. The vehicle must either:

   (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

   (2) Cause "bodily injury to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying".

The facts of the "accident" or intentional act must be proved by independent corroborative evidence, other than the testimony of the "insured" making a claim under this or similar coverage, unless such testimony is supported by additional evidence.

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law;

b. Designed for use mainly off public roads while not on public roads.

c. Owned by or furnished or available for your regular use or that of any "family member".

d. Owned by any governmental unit or agency, unless the owner or operator of the "uninsured motor vehicle" has:

   (1) An immunity under the Ohio Political Subdivision Tort Liability Law; or

   (2) A diplomatic immunity.