IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JESSICA SCULLY, et al.** ) | Case No. C-1-01-417 |
| ) | |
| Plaintiffs, ) | Judge Weber |
| ) | |
| v. ) | |
| ) | |
| **HARTFORD CASUALTY INSURANCE CO.,** ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT UNITED EDUCATORS INSURANCE RISK GROUP, INC.'S
### REPLY BRIEF IN SUPPORT OF MOTION TO STAY ACTION
### AND NOTICE OF SUPPLEMENTAL AUTHORITY

United Educators Insurance Risk Group ("United Educators") brings to the attention of the Court the recent decision of the Ohio Supreme Court in *Westfield Insurance Co. v. Galatis*, 100 Ohio St.3d ___, 2003 Ohio 5849. A copy is attached to this Brief as Exhibit A for the Court's convenience.

In *Galatis*, the Supreme Court limited the application of its prior opinion in *Scott-Pontzer v. Liberty Mutual Fire Insurance Co.,* holding that *Scott-Pontzer* will apply "only where an employee is within the course and scope of employment." *Galatis* at ¶61. The Court also overruled its prior opinion in *Ezawa v. Yasuda Fire & Marine Insurance Co.,* which extended *Scott-Pontzer* to create UM/UIM coverage for "family members" of corporate employees.

Plaintiffs' Complaint in this matter is premised <u>entirely</u> upon the *Scott-Pontzer* decision. See Complaint, ¶20. Jessica Scully alleges that she was injured in an automobile accident on

August 4, 1998.  She was an employee of the University of Cincinnati at the time of the accident, however, because Scully was not within the course and scope of her employment at the time of said accident, she does not make this allegation in her complaint.

United Educators filed a motion to stay this action pending arbitration, pursuant to its Policy's express conditions mandating arbitration and applying New York law.  Plaintiffs' supplemental brief opposing United Educators' motion, filed before the *Galatis* decision was issued, contends that the Policy's arbitration and choice of law provisions do not apply to "implied" Ohio UM/UIM coverage, and that the Policy's arbitration provision is "unconscionable."

    1.    <u>Choice of Law</u>

As noted above, plaintiffs' complaint is entirely premised upon the now abrogated ruling in *Scott-Pontzer*.  Thus, even if Ohio law were applicable with respect to any necessary "interpretation" of the Policy (which it is not), it is now clear that Ohio law mandates dismissal of plaintiffs' Complaint.

Plaintiffs' recent memorandum contends that United Educators has "conceded" that Ohio law must apply to plaintiffs' claims.  This is incorrect.  United Educators has conceded only that an Ohio statute, R.C. §3937.18 requires excess insurers such as United Educators to "offer" Ohio UM/UIM coverage <u>to its insureds</u>.  This is not a concession that Ohio law "must" apply for all purposes to any issue of law arising under the Policy.  The Ohio Supreme Court, in *Ohayon v. Safeco Ins. Co. of Illinois*, 91 Ohio St. 3d 474, 2001 Ohio 100, expressly recognized this distinction: "R.C. §3937.18, unlike some Ohio statutes that apply to contractual relationships, imposes no choice of law on the parties if a dispute arises concerning the existence or extent of coverage. . . .  Courts need a predictable methodology such as the one imbedded in

[Restatement §188] to chose the applicable law if neither the parties nor the statutory scheme make that choice for them." *Ohayon*, 91 Ohio St. 3d at 481.

*Galatis* makes clear that plaintiffs are <u>not</u> "insured" under the Policy under Ohio law. Plaintiffs concede that New York law has not recognized the holding in *Scott-Pontzer*. Thus this Court's inquiry into the question of choice of law need go no further.

 2. <u>Mandatory Arbitration</u>

Plaintiffs' recent memorandum also complains that the United Educators' arbitration clause is "unconscionable" because, in essence, plaintiffs have no say in the selection of the arbitrators. Since plaintiffs are not "insureds" under the Policy, it is obvious that they would not be involved in the selection of arbitrators. In *Galatis*, the Supreme Court noted that *Scott-Pontzer* had incorrectly applied the rule of construction that ambiguities must be construed in favor of the insured. *Scott-Pontzer* failed to take account of the interests of the <u>policyholder</u>, and instead favored a claimant. In so doing, it ignored the intent of the parties to the contract. *Galatis* also noted that the United States Supreme Court "has not shied away from overturning state court decisions that unreasonably contort a contract." (*Id*. at ¶39, citations omitted.) It is now abundantly clear that since plaintiff is not an insured, she has no standing to complain about the application of the arbitration clause in the Policy.

In sum, *Galatis* makes clear that plaintiffs' claims in this case are no longer cognizable under Ohio law. Plaintiffs claims against United Educators are foreclosed whether the Court applies Ohio or New York law. Therefore, United Educators respectfully requests that this Court enter judgment in favor of United Educators, and dismiss plaintiffs' Complaint with prejudice.

Dated: November 14, 2003

Respectfully submitted,

/s/ Laurie J. Nicholson  
Christopher M. Bechhold (0014192)  
Laurie J. Nicholson (0060138)  
THOMPSON HINE LLP  
312 Walnut Street, Suite 1400  
Cincinnati, Ohio 45202-4089  
(513) 352-6790  
(513) 241-4771  

Attorneys for Defendant United Educators  
Insurance Risk Retention Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant United Educators Insurance Risk Group, Inc.'s Notice of Supplemental Authority and Supplemental Brief in Support of Motion to Stay Action was served by electronic file, this 14th day of November, 2003 upon:

Glenn V. Whitaker  
Vorys, Sater, Seymour and Pease LLP  
Suite 2100, Atrium Two  
221 East Fourth Street  
P.O. Box 0236  
Cincinnati, Ohio 45201-0236  

Ralph Gary Winters  
McCaslin Imbus & McCaslin  
632 Vine Street, Suite 900  
Cincinnati, Ohio 45202  

Jennifer L. Kirkpatrick  
Freund Freeze & Arnold  
105 East Fourth St., Suite 1400  
Cincinnati, Ohio 45202-4006  

/s/ Christopher M. Bechhold  
Christopher M. Bechhold

458821