Jennifer L. Kirkpatrick (0066509)
Trial Attorney for Defendant, Hartford Casualty Insurance Co.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA SCULLY, individually, and as guardian of ALEXANDRA SCULLY, a minor | : | CASE NO. C-1-01-417 |
| | : | JUDGE WEBER |
| Plaintiff, | : | |
| vs. | : | NOTICE OF SUPPLEMENTAL AUTHORITY OF DEFENDANT |
| HARTFORD CASUALTY INSURANCE COMPANY, et al. | : | HARTFORD CASUALTY |
| Defendants. | : | |

Defendant, Hartford Casualty Insurance Company ("Hartford"), hereby submits the recent decision of the Supreme Court of Ohio in Westfield Ins. Co. v. Galatis (2003), 100 Ohio St. 3d ___, 2003 Ohio 5849, attached as Exhibit A, for this Court's consideration as supplemental authority in the above captioned case and in support of Defendant's Motion for Summary Judgment. The grounds for this Motion are more fully discussed in the attached Memorandum.

Respectfully submitted,

Jennifer L. Kirkpatrick (0066509)
FREUND, FREEZE & ARNOLD
Fourth & Walnut Centre, Suite 1400
105 East Fourth Street
Cincinnati, OH 45202-4011
(513) 665-3500
(513) 665-3503 Fax
Trial Attorney for Defendant, Hartford Casualty
Insurance Company

**FREUND, FREEZE & ARNOLD**
A Legal Professional Association

**MEMORANDUM**

On November 5, 2003, the Supreme Court of Ohio put an end to four years of complicated and befuddled litigation by severely limiting the holding of Scott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660, 1999 Ohio 292, 710 N.E.2d 1116, to extend uninsured/underinsured ("UM/UIM") coverage to employees of named insureds under commercial insurance contracts ***if and only if*** those employees were injured in the course and scope of their employment with the named corporation. Westfield Ins. Co. v. Galatis (2003), 100 Ohio St. 3d ___, 2003 Ohio 5849.

On August 4, 1998, Jessica Scully was injured while exiting a wheelchair-equipped van owned by Executive Transportation Service, Inc., and operated by James Swartz. See Complaint. As a result of that accident, Executive Services paid $1,950,000 in settlement of the claims brought by Jessica Scully. See Plaintiffs' Response to Defendant, Hartford Casualty Insurance Company's Request for Admissions at ¶4, attached as Exhibit B to Hartford's Motion for Summary Judgment. Jessica Scully also brought the immediate declaratory judgment action seeking underinsured ("UIM") coverage under The Hartford Casualty Insurance Company ("Hartford") contract issued to the University of Cincinnati. See Complaint. Plaintiffs claim that Jessica Scully is entitled to UIM coverage under the commercial insurance contract issued by Hartford by virtue of her status as an employee of the University of Cincinnati under the theory of recovery enunciated in Scott-Pontzer.

Plaintiffs do not claim that Jessica Scully was in the course and scope of her employment with the University of Cincinnati at the time of the August 4,1 998 accident. To the contrary, Plaintiffs' Complaint clearly states that at the time of the August 4, 1998 accident, Jessica Scully was being transported to and dropped off at her home. See Complaint ¶12. The accident occurred when Jessica was exiting the van in front of her house. Jessica was outside of the scope of her

employment with the University of Cincinnati at the time of the accident and, as such, pursuant to the <u>Galatis</u> decision, she is not entitled to any UM/UIM coverage under the USF&G commercial insurance contract issued to her employer, the University of Cincinnati.

As the <u>Galatis</u> Court noted,

> [A]n employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity.***Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy.

<u>Galatis</u>, 2003 Ohio 5849 at ¶22.

Additionally, the <u>Galatis</u> decision makes clear that while Jessica Scully may be a *claimant* under the USF&G insurance contract issued to the University of Cincinnati, she is not the policyholder, i.e. one of the named insureds. <u>Id.</u> at ¶38-39. "When a court decides whether a claimant is insured under a policy, ambiguities are construed in favor of the *policyholder*, not the claimant." <u>Id.</u> at ¶39. As a result, Appellants do not benefit from having any ambiguities construed in their favor. Rather, any ambiguities in the USF&G insurance contract issued to the University of Cincinnati would be construed in favor of the University of Cincinnati, the policyholder. The Supreme Court of Ohio has recognized that providing UM/UIM coverage to employees of the University of Cincinnati who were not injured in the course and scope of their employment is detrimental to the University of Cincinnati's interest. <u>Id.</u> at ¶42, *citing* <u>Cook v. Kozell</u> (1964), 476 Ohio St. 332, 336, 199 N.E.2d 566. Therefore, any ambiguity contained in the USF&G insurance contract would be construed in the University of Cincinnati's favor and, thus, would be construed to *exclude* Jessica Scully from coverage under the commercial insurance contract.

The Supreme Court's decision in <u>Galatis</u> announces a return to logic and reinstates the sanctity of basic contract principles in Ohio. No longer are the parties and the courts forced to

3

participate in these intellectual mind games stretching the written contract far beyond anything imagined by the parties who entered into it. Ohio Courts are once again free to embrace the principles of offer, acceptance, consideration, and intent of the parties.

In addition to the issues addressed in Hartford's Motion for Summary Judgment, under Ohio law as set forth in Galatis, Plaintiffs are not entitled to any benefits under the USF&G insurance contract issued to the University of Cincinnati. Jessica Scully did not sustain injuries while in the course and scope of her employment with the University of Cincinnati, and therefore she does qualify as an insured for the circumstances of the August 4, 1998, motor vehicle accident. Hartford's Motion for Summary Judgment should be granted.

Respectfully submitted,

Jennifer L. Kirkpatrick (0066509)
FREUND, FREEZE & ARNOLD
Fourth & Walnut Centre, Suite 1400
105 East Fourth Street
Cincinnati, OH 45202-4011
(513) 665-3500
(513) 665-3503 Fax
Trial Attorney for Defendant, Hartford Casualty Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by regular, U.S. mail this 14th day of November, 2003, upon:

Glenn V. Whitaker
Rodney L. Drinnon
Jeffrey A. Miller
Vorys, Sater, Seymour & Pease LLP
Suite 2100 Atrium Two
221 East Fourth Street
P.O. Box 0236
Cincinnati, Ohio 45201-0236
**Attorney for Plaintiffs**

R. Jay Hardin
Smith, Haughey, Rice & Roegge
202 E. State Street
P.O. Box 848
Traverse City, MI 49685-0848
**Attorney for Plaintiffs**

Christopher M. Bechhold, Esq.
THOMPSON HINE, LLP
312 Walnut Street
Suite 1400
Cincinnati, Ohio 45202
**Attorney for United Educators**
**Insurance Risk Retention Group, Inc.**

Gary Winters
McCaslin, Imbus & McCaslin
900 Provident Bank Building
632 Vine Street
Cincinnati, Ohio 45202
**Attorney for TIG Insurance Company**

Jennifer L. Kirkpatrick (0066509)